Clerk's Copy
FILED
AT ALBUQUERQUE NM

FEB 2 5 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WENDELL MATHIS,

    Plaintiff,

v.    No. CIV-99-1399 JP/LFG

CCA/TORRANCE COUNTY
DETENTION FACILITY,
JOINTLY AND SEVERALLY
IN THEIR INDIVIDUAL CAPACITIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims under the New Mexico Tort Claims Act and federal

constitutional provisions. Plaintiff alleges that personnel at the correctional facility opened an outgoing mail package addressed to Plaintiff's lawyer in care of "La Quinca Mathis." He claims Defendants violated his constitutional rights by not opening the mail in his presence. Furthermore, the complaint alleges that certain of Plaintiff's personal property was not forwarded to him according to institutional policy when he was transferred, and he has not received the property. Plaintiff seeks $100,000.00 in damages.

No relief can be granted on the claim that Defendants opened a package outside Plaintiff's presence. Prisoners do not give up all rights to correspond with the outside world, though these rights are subject to certain restrictions related to institutional security. *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999). Outgoing mail, of course, does not raise the same concerns as mail entering a facility, *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989), and restrictions on outgoing mail must be necessary to an important governmental interest. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled in part on other grounds, Thornburgh*, 490 U.S. 401. Correspondence between an inmate and an attorney warrants special protections. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). Here, the package in question was allegedly intended for Plaintiff's attorney but was addressed in care of, apparently, a relative of Plaintiff's. The package was returned to Plaintiff for insufficient postage, and it had been opened. Because the ambivalent address on the envelope did not satisfy the minimum requirements for "privileged legal mail," *see Wolff*, 418 U.S. 576, opening the letter to ensure the legitimacy of its contents was appropriate under the *Martinez* and *Wolff* standards. *And cf. Medel v. Deland*, No. 91-4228, 1992 WL 201073 (10th Cir. 1992). The claim for opening the package will be dismissed.

Plaintiff's second claim is that he has not received all of his personal property, including

some legal papers, since he was transferred. Under a recent ruling by the Court of Appeals for the Tenth Circuit, Plaintiff's allegations do not support a due process claim. In *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), the court announced that the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), applies to allegations of property deprivations. In *Sandin* the Court ruled that an inmate's liberty interests are limited to freedom from significant hardships atypical of ordinary incidents of prison life. The Tenth Circuit then applied *Sandin*'s reasoning to *Cosco*'s allegations of property confiscation, "return[ing]" the focus of our due process inquiry from 'the language of a particular regulation' to 'the nature of the deprivation,' " *Cosco*, 195 F.3d at 1223 (quoting *Sandin*, 515 U.S. at 481), and affirmed dismissal of the claims. Plaintiff's implied assertion that institutional policies created a property interest "is precisely the methodology rejected by the Supreme Court in *Sandin*." *Cosco*, 195 F.3d at 1224; *and cf. Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (First Amendment claim). This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's federal claims be DISMISSED with prejudice; the complaint will be DISMISSED without prejudice to Plaintiff's right to assert his state law claims in state court; and a final order of dismissal will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE